UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOOLING, MANUFACTURING &
TECHNOLOGIES ASSOCIATION
a Michigan non-profit trade association,

    Plaintiff,

v.                                              Civil Action No. 4:08-cv-11812

THE HARTFORD FIRE INSURANCE     Honorable Paul V. Gadola
COMPANY, a Connecticut insurance company,

    Defendant/Third-Party Plaintiff,

v.

MARK TYLER, TEAM MARKETING
GROUP, INC., TEAM MARKETING GROUP,
INC. d/b/a TYLER CONSTRUCTION, INC.,
TEAM MARKETING GROUP, INC. d/b/a
TEAM BENEFITS GROUP, INC., TEAM
MARKETING GROUP, INC, d/b/a ALLIED
RISK, INC., MARK TYLER & ASSOCIATES,
INC.,

    Third-Party Defendants.

| **STROBL & SHARP, P.C.** | **KERR, RUSSELL AND WEBER, PLC** |
|---|---|
| ELAINE A. PARSON (P34493) | JAMES R. CASE  (P31583) |
| KRISTA A. JACKSON (P66303) | JASON C. YERT (P67144) |
| Attorneys for Plaintiff | Attorneys for Defendant/Third-Party Plaintiff |
| 300 E. Long Lake Rd., Suite 200 | 500 Woodward Ave., Suite 2500 |
| Bloomfield Hills MI 48304-2376 | Detroit MI 48226 |
| 248.540.2300 | 313.961.0200 |

**THE HARTFORD FIRE INSURANCE COMPANY'S
<u>THIRD-PARTY COMPLAINT</u>**

NOW COMES The Hartford Fire Insurance Company ("Hartford") by and through its attorneys, Kerr, Russell and Weber, PLC, and for its Third Party Complaint against Defendants state as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Hartford is an insurance company incorporated under the laws of the State of Connecticut, with its principal place of business in Connecticut.

2. Defendant Mark Tyler ("Mr. Tyler") is a resident of the State of Michigan and resides in Farmington Hills, Oakland County, Michigan.

3. Defendant Team Marketing Group, Inc. is a Michigan corporation with its principal place of business in Oakland County, Michigan.

4. Allied Risk, Inc. is an assumed name of Team Marketing Group, Inc.

5. Team Benefits Group, inc. is an assumed name of Team Marketing Group, Inc.

6. Tyler Construction, Inc. is a Michigan corporation with its principal place of business in Oakland County, Michigan.

7. Mark Tyler & Associates, Inc. is a Michigan corporation with its principal place of business in Oakland County, Michigan.

8. Mark Tyler is the principal of Team Marketing Group, inc. and Mark Tyler & Associates, Inc. (collectively, the "Tyler Entities").

9. Jurisdiction is proper in this Court under 28 U.S.C. §1332 by reason that the amount in controversy and the diversity of citizenship of the parties.

10. Venue is proper in this Court under 28 U.S.C. §1391(a) because a substantial part of events giving rise to the cause of action set forth in the Third-Party Complaint occurred in this jurisdictional district.

## **GENERAL ALLEGATIONS**

11. Hartford incorporates each and every allegation contained in paragraphs 1 through 10 above as if fully restated herein.

12. TMTA brought an action in Oakland County Circuit Court (the "Complaint"), case no. 08-090595, against the Third-Party Defendants alleging, amongst other things, fraud and conversion in connection with the commissions paid directly to the Third-Party Defendants resulting from their sale of insurance to TMTA members.

13. In the Complaint, TMTA alleges that Mr. Tyler was employed by TMTA to sell insurance to TMTA members and to act as General Manager of the TMTA Insurance Agency.

14. In the Complaint, TMTA alleges that all commissions and bonuses paid as a result of insurance sales by Mr. Tyler to TMTA members were required to be paid to TMTA.

15. In the Complaint, TMTA alleges that Mr. Tyler incorporated and/or maintained several separate insurance entities and/or agencies while still employed by TMTA. Specifically:

   a. On February 19, 1993, Tyler incorporated Allied Risk, Inc. (On June 12, 1995, Allied Risk, Inc. changed its name to Team Marketing Group, Inc.)

   b. Team Marketing Group, Inc. registered the assumed names of Allied Risk, Inc., Team Benefits Group, Inc. and Taylor Construction, Inc.

   c. On September 18, 2006, Tyler incorporated Mark Tyler & Associates, Inc.

16. In the Complaint, TMTA alleges that Mr. Tyler, while an employee of TMTA, and without TMTA's knowledge or consent, serviced and sold insurance to TMTA members and caused all or portions of the commissions and bonuses that should have gone to TMTA to be paid to the Third-Party Defendants.

17. In the Complaint, TMTA alleges, amongst other things, that it is entitled to all of the commissions and bonus paid directly to the Third-Party Defendants.

18. In or about September 2003 Hartford, as the insurer, issued a *CrimeSHIELD Policy for Mercantile Entities* (the "Policy") naming the Michigan Tooling Association as the insured.

19. Based upon information and belief, Michigan Tooling Association has changed its name to Tooling, Manufacturing & Technologies Association ("TMTA").

20. On or about April 14, 2008, TMTA filed a Complaint against Hartford in Oakland County Circuit Court, seeking declaratory relief and bringing a claim for breach of contract in connection with coverage claims TMTA has made under the Policy as a result of the actions of the Third-Party Defendants.

21. TMTA has asked this Court to declare that Hartford be required to provide it coverage and payment under the Policy for the losses TMTA sustained caused by the actions of the Third-Party Defendants.

22. On April 29, 2008, Hartford properly removed this case to this Court.

23. Although Hartford denies TMTA is entitled to any recovery under the Policy, if liability is indeed adjudged to Hartford, the wrongful acts of the Third-Party Defendants will be the only and direct cause of this liability on Hartford.

## COUNT I
## COMMON LAW INDEMNITY

24. Hartford incorporates each and every allegation contained in paragraphs 1 through 23 above as if fully restated herein.

25. The wrongful acts and/or omissions of the Third-Party Defendants arising from the actions described above, has subjected Hartford to potential liability for claims made pursuant to the Policy, including costs and expenses in defending said claims or any adjudged liability related to or arising from the Policy.

26. Hartford in no way caused and is wholly free from fault relative to any damages related to or arising from the TMTA's claims under the Policy.

27. Hartford's liability, if any, would result from the conduct of the Third-Party Defendants.

28. Consistent with principles of fairness and equity and pursuant to Michigan law, the Third-Party Defendants are obligated to indemnify and hold Hartford harmless from and against any liability for damages arising from the Policy, including but not limited to costs and expenses in defending said claims arising from their conduct.

**WHEREFORE**, Hartford requests this Court to enter judgment against the Third-Party Defendants providing the following relief:

a. Judgment in its favor and against the Third-Party Defendants in an amount sufficient to pay all sums that may be adjudged against Hartford under the Policy;

b. An award of Hartford's costs and attorney fees incurred in defending against claims made on the Policy; and

c. Such other and further relief that this Court deems just and equitable.

**KERR, RUSSELL AND WEBER, PLC**
By: */s/ Jason C.Yert*
    James R. Case  (P31583)
    Jason C. Yert  (P67144)
Attorneys for Federal Insurance Company
500 Woodward Avenue
Detroit, Michigan 48226
313.961.0200

Dated: April 30, 2008          jcy@krwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

By:   */s/ Jason C. Yert* Jason C. Yert (P67144)
500 Woodward Ave., Suite 2500
Detroit, Michigan  48226
(313) 961-0200 (313) jcy@krwlaw.com

{25181\111\DT316142.DOC;1}                                5