UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOOLING, MANUFACTURING &
TECHNOLOGIES ASSOCIATION,

    Plaintiff,

v.                                          Case No. 08-cv-11812

HARTFORD FIRE INSURANCE        HONORABLE STEPHEN J. MURPHY, III
COMPANY,

    Defendant,

v.

MARK TYLER; TEAM MARKETING
GROUP, INC. d/b/a TYLER
CONSTRUCTION, INC., TEAM BENEFITS
GROUP, INC.,
ALLIED RISK, INC.; and
MARK TYLER & ASSOCIATES, INC.,

    Third-Party Defendants.
                                        /

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTIONS FOR RECONSIDERATION** (docket nos. 46 & 47)

On August 30, 2010, the Court granted Defendant Hartford Fire Insurance Company's motion for summary judgment and entered judgment in its favor. Plaintiff Tooling, Manufacturing & Technologies Association's ("TMTA") has filed a motion for reconsideration.[1] It asks the Court to reverse itself and enter judgment in TMTA's favor.

---

[1] TMTA also filed a amended motion for reconsideration. The amended motion merely adds that TMTA is relying on Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, in addition to Local Rule 7.1, which was sole provision cited in the original motion. The amended motion refers to the brief filed with the original motion in support. Although the amended motion was filed after the time permitted for seeking reconsideration, *see* E.D. Mich. LR 7.1(h)(1), the Court treats the amended motion as timely filed since it merely clarifies the legal basis for reconsideration. TMTA provides no analysis under Rule 60(b) in its motion, and the Court finds that any relief would only lie in Rule 59(e), not Rule 60(b).

In its motion, TMTA again seeks to re-frame the issue and again asks the Court to focus not on the relationship between TMTA and the Agency, but rather on the one between TMTA and Tyler. TMTA again asserts its theory of the case that Tyler was an employee of TMTA who stole from TMTA (to whom he owed fiduciary duties), resulting in a direct loss to TMTA under the clear terms of the Policy. The Court considered and rejected this view of the case in its opinion and order of August 30, 2010. "Motions for reconsideration do not allow the losing party to repeat arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." *Owner-Operator Indep. Drivers Assoc. v. Arctic Express, Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003) (internal quotations and citations omitted); *see also* E.D. Mich. LR 7.1(h)(3) ("Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.").

Although TMTA already argued its view of the case on summary judgment, a view the Court rejected, TMTA seeks on reconsideration to refine its argument and to rebut some of the contentions raised by Hartford in its motion for summary judgment and reply brief. TMTA has forfeited these refined arguments by failing to raise them earlier.[2] *See*

---

*See, e.g., Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (treating motion for reconsideration under Rule 59(e)). Accordingly, TMTA has filed a timely motion for reconsideration under Rule 59(e) and Local Rule 7.1(h).

[2] Attached to TMTA's motion are two exhibits. The exhibits were not before the Court when it ruled on Hartford's summary judgment motion, and TMTA does not contend that the exhibits were unavailable before the Court entered judgment. Therefore, they are not properly part of the record and the Court strikes them. *See Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 09-11529, 2010 WL 1063775, at *1 (E.D. Mich. Mar. 22, 2010) (Edmunds, J.) (citing *Tolbert v. Potter*, 206 F. App'x 416, 417-18 (6th Cir. 2006)) (striking exhibits attached to reconsideration motion not submitted before the court ruled against the movant).

*Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) ("[U]nder Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued."); *Sault Ste. Marie*, 146 F.3d at 374 ("'Rule 59(e) motions are aimed at *re*consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued.'" (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10,16 (1st Cir. 1992))) (emphasis in original).

Specifically, in support of its effort to rebut arguments made by Hartford, TMTA states in a footnote that "Defendant's assertion, and the Court's conclusion, that TMTA successfully argued in the trial court that insurance commissions were required to be payable to the Agency is part of, but not the entire, story." Pl's Br. at 1 n.1. If that was true, and there was more to the story, TMTA should have apprised the Court of those additional details in its briefing on summary judgment, and should not have waited until the Court had already issued a decision. Although Hartford's argument regarding TMTA's argument in the state proceedings was first raised in its reply brief in response to TMTA's fiduciary theory, TMTA could have sought leave to file a brief and attempted to rebut the argument in that brief. But, it chose not to, and instead waited until after the Court ruled against it. Hartford also made its argument regarding TMTA's challenges in the state proceedings to the Court in the hearing on the motion, and TMTA made no real attempt to counter that argument on grounds that there were further details or nuances that the Court should consider before it ruled on Hartford's motion.[3]

---

[3] Moreover, even in its motion for reconsideration, TMTA still acknowledges that it argued in state court, in an attempt to defeat Tyler's counterclaim against it, that the diverted commissions and bonuses should have been paid to *the Agency*, and not TMTA. *See id.* ("TMTA, also, somewhat inartfully, directed the court to Mich. Comp. Laws 1240(1)

But even if TMTA's belated rebuttals and attempts to refine its argument were not forfeited (which they were), the Court finds TMTA's argument lacking in merit nevertheless. TMTA's main contention on reconsideration is that the Court erred in finding that Tyler's duty to turn over commissions was one owed to *the Agency*, and not TMTA. To the contrary, argues TMTA, Tyler had the fiduciary duty and the legal ability, through a valid assignment under Mich. Comp. Laws § 500.1240(4), to remit directly to TMTA the commissions he wrongfully received. Assuming this argument was timely raised (which it was not), TMTA has still failed to demonstrate that even if Tyler could have received the commissions directly from insurance companies and then assigned them to TMTA, that this was in fact the parties' arrangement. Attached to its motion for reconsideration is a copy of an Agreement to Release of Assigned Commissions between TMTA and Tyler (and his entities). Even had the Court not struck this exhibit as evidence previously discoverable before the Court entered judgment but not offered, *see supra* note 2, the assignment does not support TMTA's argument. In the Assignment, Tyler consented to any commissions then being held by Blue Cross Blue Shield of Michigan -- to which both Tyler and TMTA (through the Agency) at one time claimed entitlement -- being paid to "*TMTA Insurance Agency, LLC*," not TMTA. This is the only evidence supporting TMTA's assignment theory, and it does not support the theory. In short, to date, TMTA has never proffered any evidence demonstrating that Tyler turned over commissions directly to TMTA through assignment under Mich. Comp. Laws § 500.1240(4).[4] The arrangement among the parties

---

to support its argument that the underlying, diverted commissions and bonuses, absent an assignment, should have been paid to the Agency, but Tyler had not claimed against the Agency."). This acknowledgment further undercuts TMTA's fiduciary theory.

[4] TMTA argues that the course of practice by the parties is entirely irrelevant to the question of whether the Tyler's conduct triggered coverage under the Policy when he converted the commissions. The Court disagrees. The purpose of contract interpretation

4

was that the insurance companies would remit the commissions directly to the Agency, and the commissions would then pass through to TMTA as income by virtue of TMTA owning the Agency. TMTA contends that the Agency's revenues are the primary source of TMTA's income. *See* Pl's Resp. Br. 16. No evidence submitted in this case suggests that insurance commissions or bonuses assigned by Tyler to TMTA make up any part of the remaining portion of TMTA's income. The loss of the commissions falls squarely within the exclusion for indirect loss as more fully demonstrated in the Court's order of August 30, 2010.

## ORDER

**WHEREFORE,** it is hereby **ORDERED** that Plaintiff TMTA's motion for reconsideration (docket nos. 46 & 47) are **DENIED.**

**IT IS FURTHER ORDERED THAT** the evidence not previously submitted by TMTA is **STRICKEN.** This includes Exhibits A and B to docket no. 46.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 28, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 28, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager

---

is to give effect to the intent of the parties at the time they entered into the contract on the basis of facts then in existence, *see Auto-Owners Ins. Co. v. Churchman*, 440 Mich. 560, 566 (1992), not to give effect to the unexpressed intent of one party based on a hypothetical set of facts conceived of during litigation.

5